## PEAVEY *v.* WOLFBOROUGH.

Where it is shown that the county commissioners have themselves introduced, or encouraged conversations or discussions relative to the laying out of a new highway, referred to them, with one party, in the absence of the other, their report will be set aside.

Where one of the parties to a petition for a new highway has made representations in relation to it, to one or more of the commissioners, in the absence of the other party, or has engaged in conversations or discussions calculated to influence their judgment, a report favorable to such party will be set aside.

Peavey *v.* Wolfborough.

Objections to the notices of hearing must be taken at the earliest practicable moment, or they will be regarded as waived. A notice signed by the chairman of the county commissioners is sufficient.

Upon the recommitment, generally, the report is open to correction or amendment in any particular; and the commissioners are to be allowed for their travel and attendance.

An award of damages to the guardian of a minor, as such, will be regarded as an award to the minor, and payable only to a guardian properly authorized to receive it.

A PETITION for a new highway in Wolfborough was referred to the county commissioners. At November term, 1856, they made a report, which was recommitted to them, and returned at the November term, 1857, with an additional report of their doings after the recommitment. To the first report was annexed a taxation of the costs, in common form; and to the last was annexed an additional bill of costs, in which the commissioners charged for two travels, one in September and the other in October, 1857. Both reports were in favor of the petitioners — laying out the highway prayed for.

The petitioners moved for the acceptance of the report, and the town of Wolfborough objected to the acceptance, for the reasons following:

1. Because of the misconduct of the commissioners during the time the case was pending before them.

In support of this objection, the town alleged and offered to prove that a part or all of said commissioners permitted the petitioners to converse with them in relation to the new highway prayed for, and to present to said commissioners arguments and facts in favor of said new road, upon occasions when they were not in session for a regular hearing; that one or more of said commissioners, before making their report, made inquiries of persons, not under oath, concerning facts and circumstances touching the merits of the laying out of said new road, and the amount of land damages to be allowed, and received from such

persons information and statements of facts material to the decision of the questions before them. Also, that while said petition was pending before them, and before the hearing upon said petition was closed, all of said commissioners joined in a discussion of the questions then under consideration by them, with a petitioner and other persons not under oath, concerning matters material to the case; and facts were stated and arguments used by one petitioner and another in favor of the new road, and against any improvement of the old road as a substitute for it.

Also, that before the last mentioned conversation, one of the commissioners, in the presence and hearing of the other two members of the board, stated that it had been the custom for parties to say to the commissioners what they pleased, and where they pleased, or words to that effect; and the other two commissioners did not object to that remark.

2. Because all the notices which were issued in this case, by the commissioners, to the town and to all landowners, were signed by one only of the commissioners.

3. Because the commissioners, in their last report, increased the damages to one land-owner, in the sum of twenty dollars above the amount allowed in the first report, when there was no re-hearing before said commissioners in relation to said damages, and said land-owner did not ask for any increase of damages.

4. Because the commissioners, in their report, awarded damages to S. B. Carter, as guardian of J. Frost, said Carter not being the guardian, in due form, of said Frost, and having no right to the custody of his property; but having been appointed by the judge of probate merely to receive notice and to appear for said Frost in this case.

5. The town objected to the allowance of the costs taxed by the commissioners for their going to Wolfborough on the 23d of October, 1857, because no hearing

was had or intended at that time; that the commissioners had all the facts before them touching the petition, at the hearing in September previous, and the town was not notified that any hearing was intended to be had at that time.

The town offered to prove all the facts stated in the four last objections. The court overruled the objections and accepted the report, to which ruling the town objected.

Judgment having been rendered on the report, the said town files this bill of exceptions, which is allowed.

*Z. Batchelder*, for defendant.

1. The statute provides for a public hearing before the road commissioners, C. S. ch. 54, secs. 1, 2, 3, and therefore there should be no other. In hearings before them the same rules of evidence prevail as in trials at common law. 34 N. H. 163. They cannot receive incompetent evidence at a regular hearing; and, of course, they should not suffer petitioners, or any other persons, to state facts and urge their reasons for or against laying out a road, in private. 5 N. H. 91; 2 N. H. 474.

2. Two or more of the commissioners should have signed the notices. C. S. ch. 1, sec 12; ch. 54, sec. 2.

3. As no new evidence as to the land damages was offered at the hearing, after the first report was made, there is reason to believe that the additional sum was improperly allowed.

4. The guardian of J. Frost, being only a guardian *ad litem*, had no better authority than any other person to receive the damages awarded to him.

*L. D. Sawyer*, for the petitioners.

There was no misconduct on the part of the commissioners. No evidence was received by them except while

in session at their regular hearing. The commissioners are restricted to no particular species of evidence or sources of information. For that reason they are required to examine the routes, as well as to hear the allegations and evidence of the parties. They are to determine the matter upon all the facts which may come to their knowledge. From the nature of the case the strict rules of the common law cannot be applied or enforced. It is not in the power of the commissioners to prevent conversation by persons who may accompany them in their examination of the routes.

The petitioners offered to contradict, by the affidavits of the commissioners, the statements in relation to them. Angell on Highways, secs. 102, 104, 107 ; *Goodwin* v. *Marston*, 25 N. H. (5 Foster) 458.

2. The exception to the notices is merely formal and technical, and was not taken before the commissioners. Substantial notice was given. The notices were in the usual form, signed by the chairman, in the behalf and by the direction of the other commissioners, and all the parties appeared and were heard. *Petition of Landaff*, 34 N. H. 176.

3. When the report was recommitted the whole subject was before the commissioners, and they had the right, on further examination, without further evidence or request, to revise and correct their first report in relation to any question of damages. If their final report is not satisfactory to the commissioners, the remedy is by appeal; otherwise their report is conclusive upon all parties in this respect, and is not subject to revision by this court, unless it be made to appear that they adopted an erroneous principle, or have erred in the application of a true principle, in the assessment of damages. Angell on Highways, secs. 103, 107 ; *Aldrich* v. *Cheshire R. R. Co.* 21 N. H. (1 Foster) 359 ; *Troy R. R.* v. *Lee*, 16 Barb. 169 ; *Matter of Ferman Street*, 17 Wend. 649 ; *Matter of Pearl Street*, 19 Wend. 651.

4. Damages were properly awarded to the guardian of J. Frost, under his appointment by the judge of probate, who could require additional bonds, if necessary. His appointment was not for the mere purpose of receiving notice, and to appear for said Frost in this case. Damages may be awarded to a general or special guardian. *People* v. *Supervisors*, 3 Barb. S. C. 332.

5. The costs were properly taxed and allowed by the court of common pleas. The adjournment of the commissioners was for a term necessarily requiring another travel. The taxation was a matter of discretion for the court of common pleas, and this court will not revise it. *Bedell* v. *Goodall*, 26 N. H. (6 Foster) 92 ; *Messer* v. *Bailey*, 31 N. H. (11 Foster) 21 ; *Janvrin* v. *Scammon*, 29 N. H. (9 Foster) 280.; *Rochester* v. *Robèrts*, 29 N. H. (9 Foster) 360 ; *Farmer* v. *Hooksett*, 28 N. H. (8 Foster) 248 ; *Claggett* v. *Simes*, 25 N. H. (5 Foster) 327.

BELL, J. Among the highest duties of judges and of all persons who are called to decide judicially upon the rights or interests of others, is that of avoiding to expose themselves to any influences extraneous to the merits of the case. It is dangerous for a judge to listen to any conversation relative to a case which he is to decide, lest he should be afterwards unconsciously influenced by the impressions left on his mind by such conversation. He may aim to guard himself against such influences, and may flatter himself that he can form his opinions upon the evidence and arguments addressed to him in open court alone, entirely unaffected by all that he has heard elsewhere ; but it may be doubted whether it is in the power of any man to escape the influence, in some degree, of artful or even casual conversation upon the subjects upon which he is called to decide. Prudence, and a high sense of propriety, alike forbid that a judge should hear any thing about a cause which he is to decide, but what is said in

open court and in presence of the parties. But when we consider the manner of the election of the county commissioners, the nature of their duties, and the circumstances under which they must be performed, we are unable to decide that their report must be set aside, when they have merely heard, without designing to listen to, casual conversations or statements, made without oath, by interested parties or others. During their examinations they are necessarily surrounded by an interested crowd, full of conversation upon the subject, and they cannot avoid hearing what is said in their presence. Unless, therefore, a gross case of misconduct is shown, the court will not inquire what the commissioners have heard, nor from whom. The court will presume that the people have elected men to these offices in whom they can confide, as men of such integrity, prudence, candor and good judgment, as not to be likely to be influenced by anything but the law and the evidence regularly laid before them. But where it is shown that the commissioners have themselves introduced or encouraged conversations or discussions, relative to the subjects they are to decide, or have deliberately listened to statements of facts, or opinions, bearing on such subjects, in the absence of the other parties interested, and when they have no notice to be present, it must be regarded as a case of gross misconduct, for which their report should at once be set aside.

If a case is shown where the parties have so misconducted themselves in this respect as to leave the question in doubt whether the attempt has not been made improperly to influence the commissioners, by partial statements, and discussions behind the backs of the other parties interested, a proper regard to the cause of public justice must compel the court to set aside a report made in their favor. We think it clear that a report ought not to be accepted where it appears that the party in whose favor it is made has taken upon himself to make statements or to engage

in discussions or conversation relative to the merits of the road, addressed to the commissioners, or either of them, or in their presence and hearing, in the absence of those interested to oppose them, and at times and places when the commissioners are not engaged in the examination of the road and the hearing of the case.

Misconduct of the parties is not specifically assigned as a cause of exception to the acceptance of this report, but the facts stated under the exception, alleging misconduct of the commissioners, almost necessarily present that inquiry. The evidence offered had a tendency to show improper conduct, both on the part of the commissioners and of the petitioners in this case; and we think it ought to have been heard, and if it proved such misconduct on the part of either, as to show reasonable ground to believe the report might have been improperly influenced by it, the report ought to have been set aside.

2. The objections to the notices were merely formal. It is not suggested that the parties had not actual and sufficient notice, nor that they were not present at the hearing, and fully heard. No objection was made before the hearing, when the defect, if it was so regarded, could have been remedied. The objection comes too late. Every objection of this kind must be taken at the earliest practicable opportunity, or it will be regarded as waived. *Foss* v. *Strafford*, 25 N. H. (5 Foster) 78; *Goodwin* v. *Milton*, 25 N. H. (5 Foster) 458. The statute does not, in terms, prescribe the form of notice, nor direct by whom it shall be signed; and there seems to us no good reason why a notice, signed by the chairman of the board of road commissioners, should not be deemed sufficient.

3. The report being recommitted generally, it was open to amendment or correction in any particular which the commissioners, upon further consideration, should deem to require it. And though there would be a strong inference that the damages awarded to an individual were

sufficient, if he did not object to them, yet this would be no conclusive ground against the correction.

4. The error in the award of damages to the guardian of Frost, if there is one, does not seem to be material. The award is substantially to the minor; and if there were a doubt as to the guardian's authority to receive it, some other person might be formally appointed. Upon the case, as stated, it would seem that the guardian was appointed by the court of probate, and, as such, was entitled to "the care and management of the estate" of his ward; Rev. St., ch. 150, sec. 3; C. S. 384; and the award, therefore, properly made.

5. We are unable to see any objection to the allowance of the costs following the recommitment. The commissioners were not to be expected to perform the service gratuitously. If two meetings are necessary, at an interval requiring repeated journeys of the commissioners, it is reasonable that travel should be allowed for both. It will not be presumed that the commissioners have met a second time unnecessarily.

The judgment should be set aside, and the evidence offered, as to the conduct of the commissioners and of the petitioners, heard. If misconduct is proved, of which the court below will judge, the report should be rejected.